**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.B., B.H., and D.B.**

**No. 22-0371** (Kanawha County 20-JA-73, 20-JA-489, and 21-JA-98)

**MEMORANDUM DECISION**

Petitioner Mother M.B.[1] appeals the Circuit Court of Kanawha County's April 12, 2022, order terminating her custodial rights to A.B. and her parental rights to B.H.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings below were initiated in February of 2020 after the DHHR received six referrals over two months involving the children.[3] The allegations against petitioner stemmed from her chronic drug use, including methamphetamine and heroin, and the resulting negative impact on her children. Further, at the time the initial petition was filed, the DHHR alleged that petitioner was on parole for conspiracy to commit daytime burglary.

Petitioner later stipulated to the allegations against her and was adjudicated as an abusing and neglecting parent at a hearing in November of 2020. The court granted her a post-adjudicatory improvement period, despite record evidence that she failed to cooperate with services offered prior to adjudication, including drug screens, and also failed to maintain contact with the children. In fact, the record shows that petitioner admitted to abusing methamphetamine

---

[1]Petitioner appears by counsel Kenneth Starcher. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Catherine Bond Wallace appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). As explained in more detail below, petitioner was not adjudicated of abusing or neglecting D.B., so the circuit court took no action in regard to petitioner's rights to that child at disposition.

[3]Multiple amended petitions were filed below, many of which petitioner did not include in the appendix record on appeal to this Court.

1

and fentanyl during the time leading up to her adjudication. As terms of her post-adjudicatory improvement period, petitioner was required to participate in parenting education, adult life skills services, and random drug screens, among other services.

In June of 2021, the circuit court held a dispositional hearing. Petitioner did not attend; however, her counsel appeared on her behalf and moved for a post-dispositional improvement period. The court denied the motion, finding that petitioner could not establish a substantial change in circumstances sufficient to warrant an additional improvement period. In fact, the court found that petitioner's participation in the proceedings had diminished, given her failure to appear for hearings, failure to participate in services, and her continued substance abuse as evidenced by failed drug screens. Further, the court concluded that petitioner's life choices presented a danger to the children, who deserved permanency. The court's decision to terminate petitioner's parental rights focused on petitioner having left substance abuse treatment for a period of time, tested positive for methamphetamine many times during the proceedings, and missed screens on many occasions. The court further observed that she "engaged in erratic and out of control behavior" on various social media platforms, which caused the oldest child mental distress. Additionally, petitioner did not present for drug testing after re-entering treatment. The court further noted that petitioner previously "disputed certain positive drug screens and testified that she passed a polygraph test" regarding her drug use. Based on this evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her rights was necessary to protect the children's best interests. The court then terminated petitioner's custodial rights to A.B.[4] and her parental rights to B.H. As to D.B., the court noted that the child had been placed in a legal guardianship with a family member *prior* to the initiation of the current proceedings and that petitioner had not been adjudicated in regard to that child. As such, the court ordered that the child remain in the placement subject to the legal guardianship and took no action concerning petitioner's rights to that child.[5] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). At the outset, it is important to note that petitioner's appeal does not concern D.B. Although petitioner does not explicitly omit the child from her arguments, the fact that the circuit court took no action concerning petitioner's rights to that child necessarily excludes the child from petitioner's appeal. Instead, we turn to an analysis of petitioner's argument in regard to A.B. and B.H.

---

[4]The court permitted petitioner to retain her parental rights to A.B. upon that child's stated wishes and other evidence that it would be in the child's best interests.

[5]The court also terminated the custodial rights of the fathers of A.B. and B.H. The permanency plan for A.B. is legal guardianship in the current placement, while the permanency plan for B.H. is adoption in the current placement.

Before this Court, petitioner raises only one argument challenging the circuit court's decision to terminate her rights to A.B. and B.H. According to petitioner, the court should have imposed disposition under West Virginia Code § 49-4-604(c)(5),[6] which permits a circuit court to "commit the child *temporarily* to the care, custody, and control of . . . a suitable person who may be appointed guardian by the court." (Emphasis added). Petitioner's reliance on this dispositional alternative is misplaced, however, as this disposition is meant to be temporary. *See In re I.A.*, No. 19-0152, 2019 WL 2451150, at *3 (W. Va. Jun. 12, 2019)(memorandum decision) ("What petitioner fails to recognize is that this dispositional alternative [under West Virginia Code § 49-4-604(c)(5)] provides only for a temporary placement for the child . . . ."). Below, the circuit court expressly found that the children's best interests required permanency. We agree, having previously explained that a child "deserves resolution and permanency in his or her life, and . . . part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life." *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996). On appeal, petitioner asks this Court to relegate the children to uncertainty while she is given an indefinite amount of time to address issues that she failed to correct after more than one year of services. We refuse to do so.

Furthermore, petitioner merely asserts that this less restrictive alternative was preferrable but undertakes no effort to challenge the circuit court's findings regarding termination of her rights. As set forth above, the court outlined petitioner's continued substance abuse and refusal to fully comply with rehabilitative services. While petitioner continues to dispute her many positive drug screens by referring to her testimony that she passed a polygraph examination concerning her drug use, this Court refuses to disturb the circuit court's credibility determinations and the weight it afforded the evidence. *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Instead, we conclude that the evidence overwhelmingly supports the court's findings that were the basis for terminating petitioner's rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental and/or custodial rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 12, 2022, order is hereby affirmed.

Affirmed.

---

[6]At several points in the brief, counsel for petitioner references West Virginia Code § 49-6-5(a)(5), a prior version of West Virginia Code § 49-4-604(c)(6) that has not been in effect since 2015. At no point does petitioner make reference to the current code sections applicable to the argument contained in the brief.

3

**ISSUED**: February 7, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn


**DISSENTING:**

Justice John A. Hutchison


Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for argument on our Rule 19 docket. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.